IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK MORALEZ | § | |
|    Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO.  5:19-cv-01098 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC. | § | |
|    Defendant | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Select Portfolio Servicing, Inc. ("SPS" or "Defendant") pursuant to 28 U.S.C. §1446(a), hereby removes this case from the 285th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. Defendant denies the claims and damages alleged in Plaintiff's Original Petition and files this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

## I. INTRODUCTION

1.      On August 29, 2019, Plaintiff, Frank Moralez ("Plaintiff") commenced this action by filing Plaintiff's Original Petition, Application for Temporary Restraining Order and Application for Injunction (the "Complaint") under Cause No. 2019CI17993 in the 285th District Court of Bexar County, Texas (the "State Court Action"). See Exhibit C-1.

2.      Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of when Defendant was served with the initial state court pleading.[1] Defendant has not been formerly served with the Complaint but

---

[1]    *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), (holding the time for removal commences on formal service of process, "*not* by mere receipt of the complaint unattended by any formal service").

made an appearance in the State Court Action on September 11, 2019 and this action is being removed within 30 days of that appearance.

## II.  PLEADINGS AND NOTICE TO STATE COURT

3.     True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a).  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.  STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4.     This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1).  That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.  As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV.  DIVERSITY JURISDICTION

### A.     Citizenship of the Parties

5.     This civil action involves a controversy between citizens of different states. Plaintiff is and was a resident of and domiciled in the state of Texas at all material times and is therefore a citizen of Texas for Diversity purposes.[2]

6.     Defendant, SPS is a Utah Corporation and is not a citizen of Texas for diversity purposes.  A corporation is deemed to be a citizen of (1) every state where it has been

---

[2]     See Complaint under "Background".

2

incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[3] SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah. SPS is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

7.     Since Plaintiff is a citizen of Texas and Defendant is a citizen of Utah, complete diversity exists between Plaintiff and Defendant.

B.     **Amount in Controversy**

8.     This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

9.     When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[4]

10.     If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[5] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[6]

---

[3]   28 U.S.C.A. § 1332(c)(1).
[4]   *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
[5]   *See Lewis v. State Farm Lloyds,* 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[6]   *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).

3

Case 5:19-cv-01098   Document 1   Filed 09/11/19   Page 4 of 5

11.     This action relates to property located at 2 Benchwood Circle, San Antonio, Texas 78248 (the "Property").[7]  The value of the Property according to the Bexar County Appraisal District for 2019 is no less than $396,290.00.  See Exhibit D.  Plaintiff challenges Defendant's right to foreclose a first lien on the Property by seeking injunctive relief precluding foreclosure.[8]

12.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[9]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[10]  Plaintiff seeks relief which if successful would preclude enforcement of the contractual loan obligations and Defendant's right to foreclose on and take possession of the subject property.[11]

13.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[12]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[13]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[14]  The value of the subject property in this instance for diversity purposes is no less than $396,290.00 per the records of the Bexar County Appraisal District for 2019.  See Exhibit D.  The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes and the claim for money damages and attorney's fees further support the requisite amount in controversy for diversity jurisdiction.

---

[7]   See Complaint under "Background" and generally.
[8]   See Complaint under "Prayer" and generally.
[9]   *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[10]  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[11]  See Complaint under "Prayer" and generally.
[12]  *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[13]  *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[14]  *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

4

## V.  JURY DEMAND

14.     Plaintiff has made no known jury demand in the State Court Action.

## VI.  CONCLUSION

15.     For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas  77002-2772
(713) 220-9182 Telephone
(713) 223-9319 Facsimile
E-mail: mhord@hirschwest.com
Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2019, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Oscar Cantu
Law Office of Oscar Cantu
Stolhandske Law Building
1004 S. St. Mary's Street
San Antonio, Texas 78205
**Via Email and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

5